Filed 5/21/21  P. v. Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BILLY RAY JOHNSON, JR.,<br><br>Defendant and Appellant. | F080848<br><br>(Super. Ct. No. BF151825A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Laura Schaefer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P.J., Smith, J. and Meehan, J.

Appointed counsel for appellant Billy Ray Johnson, Jr., asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436; *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts relating to this appeal and which notes that this court previously detailed the facts of the case in appellant's prior appeal (*People v. Johnson* (July 11, 2019, F071640) [nonpub. opn.]). At counsel's request, we take judicial notice of our prior opinion in case No. F071640.

Appellant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the order.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.) A more complete factual recitation of the underlying crimes can be found in our prior opinion affirming appellant's conviction (*People v. Johnson*, *supra*, F071640).

Appellant stands convicted of 24 counts with related firearm and prior conviction enhancements, including multiple counts of forcible rape, robbery and burglary, among other charges. These charges arose following a series of four burglaries and sexual assaults occurring in 2013. A strong circumstantial case was built showing that the same attacker was responsible for all four events, and that appellant was the attacker in at least one, and likely all, of them. This circumstantial case was then supplemented with DNA evidence. In appellant's prior appeal, he raised concerns with evidentiary rulings related to the DNA evidence, issues with jury selection, questions about the production of police misconduct evidence, and problems with the imposition of the firearm enhancements. We affirmed all aspects of appellant's conviction but determined the record did not show whether the trial court would have struck the firearm enhancements if it had known it had authority to do so. We therefore remanded for the trial court to make that determination.

2.

Upon remand, the trial court held a hearing on whether to strike the firearm enhancements. The court heard argument from counsel and indicated it had read this court's prior opinion, the now retired trial judge's prior statements about the case, and the probation report. The court then indicated that, in exercising its independent discretion, it would not strike the firearm enhancements in the case, affirming appellant's prior sentence. The court stated appellant "should receive every second of his sentence."

Appellant filed a timely notice of appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The order is affirmed. Appellant's request for judicial notice is granted.